FILED

DEC 0 9 2016

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                          Deputy Clerk

IVAN RENE MOORE
1236 South Redondo Blvd
Los Angeles, CA 90019

Ivan Rene Moore., Pro. se

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Kimberly Martin-Bragg,<br>　　　　　　　　Debtor<br><br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿<br><br>IVAN RENE MOORE,<br><br>　　　　　　Plaintiff/Creditor,<br><br>v.<br><br>KIMBERLY BARBOUR, aka<br>KIMBERLY MARTIN- BRAGG, aka,<br>KIMBERLY MARTIN, aka KIMBERLY<br>BRAGG aka KIM MARTIN aka KIM<br>BARBOUR; GEORGE BARBOUR, KEITH<br>ROUSTER; ROBERT PITTS; ROBERT<br>PITTS ESTATES; PETER M. LIVELY, THE<br>LAW OFFICES OF PETER M. LIVELY<br>AND DOES I THROUGH 10, INCLUSIVE,<br><br>　　　　　　Defendants. | Chapter<br><br>**Case No.:** 2:16-bk-22878-BR<br><br>Adversary Proceeding No.＿＿＿＿＿＿＿＿<br><br>[Hon. ]<br><br>**VERIFIED ADVERSARY PROCEEDING<br>COMPLAINT FOR:**<br><br>1. **FRAUDULENT BANKCRUPTCY<br>FILING IN VIOLATION OF 18<br>U.S.C. § 157;**<br>2. **NONDISCHARGEABILITY OF<br>DEBT PURSUANT TO 11 U.S.C.<br>§ 523 (A)(2), (4), (6) AND (11)**<br>3. **CONVERSION**<br>4. **EMBEZZLEMENT**<br>5. **FRAUDULENT TRANSFERS.**<br>6. **REPLEVIN**<br>7. **FALSE LIGHT**<br>8. **TORTUOUS INTERFERENCE<br>WITH PROSPECTIVE<br>ECONOMIC ADVANTAGE**<br>9. **COMMON LAW FRAUD**<br>10. **DEFAMATION**<br>11. **CONSTRUCTIVE TRUST**<br>12. **NEGLIGENT<br>MISREPRESENTATION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**( VERIFIED COMPLAINT)**<br><br>ORIGINAL |

Plaintiff, Ivan Rene Moore, ("Creditor" or "Mr. Moore"), appearing *pro se,* herein, files

this *adversary proceeding* and complaint of Debtor and Defendant, KIMBERLY BARBOUR,

aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;

("Debtor"), GEORGE BARBOUR, (Debtor's Spouse), **KEITH ROUSTER,** ("Agent and a well

known representative of the Debtor"), **ROBERT PITTS,** ("Agent and a well known

representative of the Debtor"), **ROBERT PITTS ESTATES**, ("Agent and a well known

representative of the Debtor"), **PETER M. LIVELY**, and **THE LAW OFFICES OF PETER

M. LIVELY,** as follows:

## I
## JURISDICTION AND VENUE

1.    This Court has jurisdiction over subject matter of this adversary proceeding

Pursuant to the provision of 28 U.S.C. § 1334.

2.    This adversary proceeding relates to the Chapter 7 (Seven) case of Kimberly Martin-

Bragg in Case No. **2:16-bk-22878-BR**, now pending in the United States.

Bankruptcy Court for the Central District of California.   The matter is a core proceeding

pursuant to 28 U.S.C. § 157.

3.    Venue is proper pursuant to the provisions of **28 U.S.C. § 1409**.

## II
## PARTIES

4.    Plaintiff, Creditor, **IVAN RENE MOORE,** ("Plaintiff/Creditor"), is now, and at

all times relevant to this Adversary proceeding complaint, resident of the County of Los Angeles,

State of California.   Plaintiff /creditor was in litigation against the debtor and the cases in which

the creditor sued the debtor was about to go to trial for possession of Creditor's home wrongfully

held by the Debtor, when the debtor commenced her fraudulent bankruptcy to prevent Creditor

from having access of his home.

5.    Defendant, Debtor KIMBERLY BARBOUR, aka KIMBERLY MARTIN-

BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; ("Debtor"), is now, and at all

times relevant to this Adversary proceeding complaint, a resident of the County of Los Angeles,

State of California.    Defendant, is a participant in the fraudulent Bankruptcy filing and a

participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in

the United States Bankruptcy Court, Central District of California.    Defendant's conduct and

participation herein alleged was not privileged and was outside the scope of constitutionally

protected right.

6.    Defendant, **GEORGE BARBOUR,** ("Spouse of the Debtor"), is now, and at all

times relevant to this Adversary proceeding complaint, a resident of the County of Los Angeles,

State of California.    Defendant is a participant in the fraudulent Bankruptcy filing and a

participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in

the United States Bankruptcy Court, Central District of California.    Defendant participated in

fraudulent transfer and concealing assets of the bankrupt Kimberly Martin-Bragg in this

bankruptcy proceeding.  Defendant's conduct and participation herein alleged was not privileged

and was outside the scope of constitutionally protected right.

7. Defendant, **KEITH ROUSTER,** ("Agent and a well known representative of the

Debtor"), is now, and at all times relevant to this Adversary proceeding complaint, a resident of

the County of Los Angeles, State of California.    Defendant is a participant in the fraudulent

Bankruptcy filing and a participant in the false or fraudulent misrepresentation in Case No. **2:16-
bk-22878-BR**, filed in the United States Bankruptcy Court, Central District of California.

---

Defendant participated in fraudulent transfer and concealing assets of the bankrupt Kimberly Martin-Bragg from this bankruptcy proceeding. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.

8. Defendant, **ROBERT PITTS,** ("Agent and a well known representative of the Debtor"), is now, and at all times relevant to this Adversary proceeding complaint, a resident of the County of Los Angeles, State of California. Defendant is a participant in the fraudulent Bankruptcy filing and a participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in the United States Bankruptcy Court, Central District of California. Defendant participated in fraudulent transfer and concealing assets of the bankrupt Kimberly Martin-Bragg from this bankruptcy proceeding. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.

9. Defendant, **ROBERT PITTS ESTATES,** ("Agent and a well known representative of the Debtor"), is now, and at all times relevant to this Adversary proceeding complaint, conducting business in the County of Los Angeles, State of California. Defendant is a participant in the fraudulent Bankruptcy filing and a participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in the United States Bankruptcy Court, Central District of California. Defendant participated in concealing of assets of the bankrupt, Kimberly Martin-Bragg from this bankruptcy proceeding. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.

10. Defendant, **PETER M. LIVELY** is now, and at all times relevant to this Adversary proceeding complaint, an attorney dully licensed to practice law in the United States State Bankruptcy Court, Central District of California. Defendant is a participant in the fraudulent Bankruptcy filling and a participant in the false or fraudulent misrepresentation in Case No.

**2:16-bk-22878-BR**, filed in the United States Bankruptcy Court, Central District of California. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.

11.    Defendant **THE LAW OFFICES OF PETER M LIVELY,** a law corporation is now, and at all times relevant to this Adversary proceeding complaint, conducting business in the County of Los Angeles, State of California.    Defendant is a participant in the fraudulent Bankruptcy filling and a participant in the false or fraudulent misrepresentation in Case No. **2:16-bk-22878-BR**, filed in the United States Bankruptcy Court, Central District of California. Defendant's conduct and participation herein alleged was not privileged and was outside the scope of constitutionally protected right.

12.    Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as DOES 1 through 10, inclusive, as each fictitiously named Defendant is in some manner are liable to Plaintiff, or claims some rights, title, or interest in the Property which is the subject property, including interests in the subject property, personal and business properties. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

13.    Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendant(s), is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

14.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein

below, were acting within the course and scope of such agency, employment and/or joint venture

and enterprise.

## II
## GENERAL ALLEGATION

15.  On September 28, 2016, the Debtor and Defendant, **KIMBERLY BARBOUR, aka**

**KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;**

**together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),**

**KEITH ROUSTER ( agent for the Debtor)  PETER M. LIVELY, and THE LAW**

**OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES OF**

**PETER M LIVELY**, filed false or fraudulent voluntary petition for relief under the provisions

of chapter 7 of the United States Bankruptcy Code in their quest to circumvent a lawful Court

Order of a Los Angeles Superior Court ("LASC") Judge, Judge Michelle Rosenblatt arising from

intentional Tort and jury verdict in LASC case number BC 480013.

16.  Creditor/Plaintiff further alleges that on information and belief and personal

knowledge, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG,**

**aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with**

**Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the**

**Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M.**

**LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** were agents, employees,

servants and/or the joint-ventures of the remaining Defendants, and each of them, and were

acting within the course and scope of such agency, employment and/or joint venture and

enterprise in the filing of false or fraudulent voluntary petition for relief under the provisions of

chapter 7 to unlawfully deprive the Creditor of his personal properties that Defendants knew are not subject to consumer transaction and not subject to Bankruptcy estate.

17.  Plaintiff alleges that on information and belief and personal knowledge, Defendant, **GEORGE BARBOUR, KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** were participants in the false or fraudulent misrepresentation and participant in the concealing and fraudulently transferring and liquidating assets of the Bankrupt, Kimberly Martin-Bragg. Particularity, **GEORGE BARBOUR, KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, misrepresented and willfully omitted the income the Debtor makes within the past two years from her real estate transactions and sales derived from the Debtor's association with **ROBERT PITTS and ROBERT PITTS ESTATES**.   Plaintiff contends that, Concealing assets can be committed by person other than bankrupt.   Please see for example, *United States v Joyner,* **(1927, DC La) 23 F2d 884.**

18.  On or about September 28, 2016, Defendants, **KIMBERLY MARTIN- BRAGG**, along with Defendants, **GEORGE BARBOUR, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY, knowingly, willfully** and d**eliberately** made false or fraudulent misrepresentation in the Debtor's chapter 7 Bankruptcy petition in their zeal to unlawfully deprive the creditor, Ivan Rene Moore, of all beneficial interests in his personal properties, business, family, and real properties and in their quest to interfered with and delay the creditor Ivan Rene Moore's litigation against the debtor Kimberly Martin-Bragg which is now pending in the Superior Court of California, County of Los Angeles.  Defendants' conduct

---

ADVERSARY PROCEEDING COMPLAINT

mentioned above were ratified by **KEITH ROUSTER; ROBERT PITTS; and ROBERT PITTS ESTATES.**

19.   Plaintiff alleges that on information and belief and personal knowledge, Defendant, **GEORGE BARBOUR, KEITH ROUSTER; ROBERT PITTS; and ROBERT PITTS ESTATES, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY,** were participants in the false or fraudulent misrepresentation of Debtor's income from real estate transactions and participated in concealing assets of the debtor in Bankrupt's chapter 7 bankruptcy filing.

20.   When Defendant ("Debtor"), filed her bankruptcy petition, Defendant owe Plaintiff/creditor Three Million One Hundred Fifty Thousand dollars (**US$3,150, 000.00**) from a $5.6 Million Special Jury Verdict in the Los Angeles Superior Court ("LASC") case number BC480013 on a Special Jury Verdict for Intentional Tort of ***Conversion and Trespass to Chattel*** of Plaintiff's personal properties.    The true and correct copies of the Special jury Verdicts are collectively attached herein and incorporated hereto as Plaintiff's **Exhibit "A".**

21.   On November 8th, 2013, Judge Michelle Rosenblatt, Judge of the LASC merged the Conversion and Trespass Chattel and thereafter reduced the Special jury Verdict award to Three Million One Hundred Thousand dollars (**US$3,100, 000.00**).  The true and correct copies of the judgment from the Special jury Verdicts are collectively attached herein and incorporated hereto as Plaintiff's **Exhibit "B".**

22.   On or about November 08, 2013, Judge Michelle Rosenblatt, Judge of the LASC ordered Defendant Kimberly Martin-Bragg to return a; of plaintiff's property   (Exhibit B).   As of the filing of the this Adversary proceeding complaint, Defendant debtor  continue to unlawfully maintain dominium and control over creditor Ivan Rene Moore's personal properties

---

and failed to disclose the Debtor's personal properties in her possession.   Further, Defendant

("Debtor"), filed her bankruptcy petition, Defendant disobeyed the Order of the Los Angeles

Superior Court and refused to turn over Plaintiff's personal properties.

23.    When Defendant ("Debtor"), filed her bankruptcy petition, Defendant dissipated

her assets and refused to pay Plaintiff the jury award and the Court ordered judgment from the

Special jury verdict.

24.    Plaintiff alleges on information and belief and personal knowledge that

Defendant, Debtor, filed her bankruptcy petition in her zeal to avoid paying Plaintiff the Three

Million One Hundred Thousand dollars (**US$3,100, 000.00**) plus **10%** interest Court Ordered

Judgment and in her zeal to continue to exercise dominium and control over creditor Ivan Rene

Moore's personal properties.

25.   Defendant, Debtor, filed her bankruptcy petition to circumvent the California

Superior Court Order, ordering her to return the creditor Ivan Rene Moore's personal and Real

properties.

26.    Defendant, Debtor **KIMBERLY MARTIN- BRAGG,** and Defendants **PETER

M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY,** knowingly and willfully

omitted to include creditor Ivan Rene Moore's personal properties the debtor was ordered to

return to Plaintiff Creditor by California Superior Court Judge (Judge Rosenblatt).

27.    Defendant, Debtor, filed her bankruptcy petition to avoid paying Plaintiff the

Three Million One Hundred Thousand dollars (**US$ 3,100, 000.00**) plus 10% interest Court

Ordered Judgment.

28.    When Defendant ("Debtor"), filed her bankruptcy petition, she was in the middle

of legal proceedings in the Superior Court of California, Central District of Los Angeles County

---

ADVERSARY PROCEEDING COMPLAINT

9

in action for Motion For Receiver of Creditor, Ivan Rene Moore's Personal Properties Which

Are In Wrongful Possession of The Debtor, Debts For Willful And Malicious Injury to Creditor

by the Debtor Under 11 U.S.C. § 523(A)(6) from the Intentional Tort of Trespass to Chattel and

Conversion of The Creditor, Ivan Rene Moore's Personal Properties by The Debtor.

29.  When Defendant ("Debtor"), filed her bankruptcy petition, she was in the middle of

legal proceedings in the Superior Court of California, Central District of Los Angeles County for

the remaining cause of action in BC459449 to set a trial date for the matter involving

Possession of 6150 Shenandoah property which had been in Mr. Moore's family for over 20

years.

30.    When Defendant ("Debtor"), filed her bankruptcy petition, she was in the middle

of legal proceedings in the Superior Court of California, Central District of Los Angeles County

in LASC case number **BC459449**, for possession of 6150 Shenandoah property and for damages

for extrinsic fraud and other related matter.

31.    In 2011, prior to filing her bankruptcy petition, Defendant initiated a Fraudulent

Unlawful Detainer Action on the 6150 Shenandoah Avenue, Los Angeles, CA 90056 where

Defendant /Debtor now reside.

32.    The 6150 Shenandoah property ("the subject property") had been in Plaintiff Ivan

Rene Moore's family, many years.  Plaintiff and his corporations paid mortgage and taxes on the

subject property before Defendant debtor, and for former domestic partner, instituted her

fraudulent unlawful detainer action.

33.    On August 01, 2013, the Second Appellate District Court in California, in an

unanimous decision revered in Full the fraudulent unlawful detainer action, and further found

that the unlawful detainer action was a miscarriage of justice and a trial my ambush.  The Court

---

of Appeals decision in that case is now a case law in the State of California.   The true and

correct copy of the Court of Appeals decision is attached herein and incorporated hereto as

Plaintiff's **Exhibit "C".**

34.  After the California Second district Court of Appeals, reversed Defendant's

fraudulent unlawful detainer action, Defendant, Debtor, Kimberly Martin-Bragg dismissed her

fraudulent unlawful detainer action.  In her dismissal, Defendant Debtor made false and

misrepresentation on ***Public land***, claiming that Plaintiff Ivan Rene Moore, waived all fees

relating to Defendant, Debtor's fraudulent unlawful detainer action.    A true and correct copy of

the Defendant/Debtor's dismissal of her unlawful detainer action is attached herein and

incorporated hereto as Plaintiff's **Exhibit "D".**   Plaintiff, further allege that, in 2016, the LASC

judge found the Debtor and her lawyer Allen King to have committed extrinsic fraud when they

dismissed.

35.    In her fraudulent Bankruptcy petition, Defendant Debtor **KIMBERLY**

**MARTIN- BRAGG,** and Defendants **PETER M. LIVELY** and **THE LAW OFFICES OF**

**PETER M LIVELY** devised or intended to devise a scheme to defraud Creditor, Ivan Rene

Moore, by making false or fraudulent representation pertaining to the creditor's corporations,

real property located at 6150 Shenandoah Los Angeles California in violation of 18 U.S.C. §

157.

36.  Plaintiff/Creditor alleges that on information and belief and personal knowledge, the

Debtor/ Defendant, KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,

KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with

Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW

OFFICES OF PETER M. LIVELY, knowingly and fraudulently made false oath and willful

misrepresentation in <u>Form 106</u> and other related Forms of the United States Bankruptcy in their

zeal to deprive the Creditor of all beneficial interests and enjoyment in his real property and in

the Creditor's personal properties.

## FIRST CAUSE OF ACTION.

### (FRAUDULENT BANKCRUPTCY FILING 18 U.S.C. § 157)

### (Against all Defendants)

37.    Plaintiff re-alleges on information and belief and personal knowledge and

incorporates by reference all preceding paragraphs as though fully set forth herein.

38.    On or about September 28th, 2016, Debtor/ Defendant, **KIMBERLY BARBOUR,**

**aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY**

**BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's**

**Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** made

false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and

fraudulently made false oath and willful misrepresentation in <u>Form 106</u> and other related Forms

of the United States Bankruptcy in their zeal to deprive the Creditor of all beneficial interests and

enjoyment in his real property and in the Creditor's personal properties.  **PETER M. LIVELY**

**and THE LAW OFFICES OF PETER M LIVELY** and the debtor falsely and misrepresented

that, 6150 Shenandoah Avenue property, belong to the Debtor.   The 6150 Shenandoah Avenue

property is the Creditor, Mr. Moore's Home where Mr. Moore and his corporations paid

mortgage and taxes for over 20 years and prior to the Debtor filing her fraudulent unlawful

detainer action.   The 6150 Shenandoah Avenue property is currently in litigation and the Debtor

is not the rightful owner of the 6150 Shenandoah Avenue property. Further, the Debtor has no

pecuniary or any beneficial interest in the 6150 Shenandoah Avenue property.

39. On or about September 28th, 2016, Debtor/ Defendant, KIMBERLY BARBOUR, aka

KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;

together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),

PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, made false or

fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently

made false oath and willful misrepresentation in Form 106 and other related Forms of the United

States Bankruptcy when they claimed that the Debtor has interests in Rene Moore Music, Inc;

Rufftown Entertainment Group, Inc and Radio Multimedia, Inc. These corporations are or were

owned and controlled by the Creditor Ivan Rene Moore. Ronald Hills is the Secretary of these

various corporations since inceptions. The Debtor neither own nor have any interest in the

Creditor's corporations.

40. On or about September 28th, 2016, Debtor/ Defendant, KIMBERLY BARBOUR, aka

KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;

together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),

PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, made false or

fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently

made false oath and willful misrepresentation in Form 106 and other related Forms of the United

States Bankruptcy when they claimed that the Debtor has interests in Various Master Recording

Secured via Wells Fargo Bank UCC-1 related to Wells Fargo Loan to Ivan Rene Moore.

Creditor contends that the Debtor and **PETER M. LIVELY, and THE LAW OFFICES OF**

**PETER M. LIVELY** assertions were false and Defendants knew that to me false when they made these claims in FORM 106 A/B page 7.

41.    Additionally, on or about September 28th, 2016, Debtor/ Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** made false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently made false oath and willful misrepresentation in <u>Form 106</u> and other related Forms of the United States Bankruptcy when they claimed that the Debtor provided Loans and advances to the Creditor, Ivan Rene Moore, Rene Moore Music, Rufftown Entertainment Group, Inc and G&S Electronics in the amount of $2,42,000.00.    Creditor contends that the Debtor and **PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** assertions were false and Defendants knew that to be false when they made these claims in FORM 106 A/B page 7.

42.    Creditor/Plaintiff alleges that on information and belief and personal knowledge, at the time KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, **PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY** knew the statement they made in <u>Form 106</u> and other related Forms of the United States Bankruptcy were false.

43. Creditor/Plaintiff alleges that on information and belief and personal knowledge, at the time **KIMBERLY BARBOUR, aka KIMBERLY  MARTIN- BRAGG, aka, KIMBERLY**

**MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants,

**GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW**

**OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES**

**OF PETER M LIVELY** made the false statements in <u>Form 106</u> and other related Forms of

the United States Bankruptcy with the intention and purpose of deceiving the Creditor to

deprive the Creditor of all use and enjoyment in his real property and in his personal

properties.

44.  Furthermore, the creditor, Ivan Rene Moore justifiably relied the misrepresentation

and representations by **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG,**

**aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with**

**Defendants, GEORGE BARBOUR**, (Debtor's Spouse), **PETER M. LIVELY, and THE**

**LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES**

**OF PETER M LIVELY.**

45.  As a direct and proximate result of the misrepresentation and representations by

**KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY**

**MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,**

**GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES**

**OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M**

**LIVELY,** creditor, Ivan Rene Moore sustained loss and damage and the sum to be determined at

trial.

## SCHEDULE A - REAL PROPERTY

46. Defendant, Debtor, Kimberly Martin-Bragg made false or fraudulent representation, in violation of **18 U.S.C. §§ 152, 157** when she claimed in her Bankruptcy filing that she owns the 6150 Shenandoah Property. **(SCHEDULE A - REAL PROPERTY).**

47. Debtor Kimberly Martin-Bragg's claim that she owned as or has a life estate or holds rights and powers exercisable for the debtor's own benefit in the 6150 Shenandoah Avenue, property is false.   Defendant Debtor is merely a trespasser; further a proceeding to remove the Debtor Kimberly Martin-Bragg from the Creditor's home commonly described as: 6150 Shenandoah property, was in process in LASC case number BC 459449 and scheduled for September 29, 2016 just a day preceding the filing of the Debtor Fraudulent Bankruptcy filing. Coincidently, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY** purposely, knowingly and willfully failed to disclose this information on FORM 107 as one of the litigations THE Debtor is or was a Party within one year before filing of this Bankruptcy.

48. On or about September 28, 2016, Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY** obtained legal fees from the debtor that was this plaintiff's money, and thereafter on or about September 28, 2016, conspired with and acted in concert with the debtor to make false or fraudulent representation that the Debtor Kimberly Martin-Bragg's owns the 6150 Shenandoah Avenue property.   Further, Plaintiff/Creditor alleges that, Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY** intentionally and deliberately omitted and failed to disclose the case number BC 459449 in which the LASC Judge found that, the Debtor had committed Extrinsic Fraud in her attempt to

deprive the Creditor obtaining his cost on Appeal and the matter concerning the re-turn of

possession of the 6150 Shenandoah to the Creditor was set for September 29, 2016.

49.    Plaintiff alleges that on information and belief and personal knowledge, Defendants

**PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY conspired with**

**the Debtor Defendants PETER M. LIVELY, THE LAW OFFICES OF PETER M.**

**LIVELY** knew or should have known that the Debtor Kimberly Martin-Bragg does not own the

6150 and said property is still subject to dispute and that there is currently an Appeal pending on

the matter relating to 6150 Shenandoah property.

50.    Defendants, **PETER M. LIVELY, THE LAW OFFICES OF PETER M.**

**LIVELY** knew or should have know that the Debtor paid no mortgage or taxes for the

Shenandoah property that any money she paid after her fraudulent unlawful detainer action was

to satisfy the loans she fraudulently obtained from Chase bank, a national association.

51.  Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY**

knew or should have known that the Debtor does not own the 6150 Shenandoah property and

that the Debtor's fraudulent unlawful detainer action that touch and concern the 6150

Shenandoah property was reversed in full by California Second Appellate District in *Martin-*

*Bragg v. Moore*, 219 Cal. App. 4th 367; 161 Cal. Rptr. 3d 471; 2013 Cal. App. LEXIS 704.

52.  Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY**

and the Debtor Kimberly Martin-Bragg intentional represented to the United States Bankruptcy

Court that the Debtor own the **6150 Shenandoah property when they knew that to be false.**

Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY** and the

Debtor's conduct was in contravention of **18 U.S.C. §§ 152 and 157**.

53.   On or about September 28, 2016, Defendant, Debtor, Kimberly Martin-Bragg made several false or fraudulent representation, in violation of **18 U.S.C. §§ 152, 157** when, for example, she claimed in her Bankruptcy filing (p.5) **(SCHEDULE A/B - PROPERTY)** that she has FINANCIAL ASSESTS IN:

      **(a)**    Rene Moore Music, Radio Multi Media,
      (b)    Rufftown Entertainment Group and
      (c)    Radio Multi Media investments,

54.   Debtor's claim is false in that, Rene Moore Music, Inc., Radio Multi Media, and Rufftown Entertainment Group are all Creditor Ivan Rene Moore' s corporations.   Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY** and the Debtor Kimberly Martin-Bragg knew that, Kimberly Martin Bragg has no ownership interest in the Creditor Ivan Rene Moore's corporations yet, they made false representation under the penalty of perjury.

55.   Defendants **PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY** knew or should have known that the Debtor Kimberly Martin-Bragg <u>does not have any</u> Ownership interest in Rene Moore Music, Radio Multi Media, and Rufftown Entertainment Group.

56.   Defendants **PETER M. LIVELY, THE LAW OFFICES OF PETER M. LIVELY** and the Debtor Kimberly Martin-Bragg intentional represented to the United States Bankruptcy Court that the Debtor has Ownership in Rene Moore Music, Radio Multi Media, and, Rufftown Entertainment Group when they know that to be false.

57.   Plaintiff/Creditor alleges that on information and belief and personal knowledge, Defendants, **PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY's**

conduct of misrepresentation in a bankruptcy filing was in contravention of 18 U.S.C. §§ 152 and 157.

58.   On or about September 28, 2016, Defendant, Debtor, Kimberly Martin-Bragg made false or fraudulent representation, in violation of 18 U.S.C. §§ 152, 157 when she claimed in her Bankruptcy filing that Ivan Rene Moore, is a co- Debtor in Defendant/Debtor fraudulent bankruptcy filing.

59. Defendants, **PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY's** conduct of misrepresentation in a bankruptcy filing that Ivan Rene Moore, is a co-debtors of the Debtor Kimberly Martin-Bragg when they knew that to be false, is in violation of 18 U.S.C. §§ 152 and 157.

60.   Defendant, debtor, Kimberly Martin-Bragg hold and control the creditor's real property located at 6150 Shenandoah Ave to which the creditor has constitutionally protected property interest.  Defendant, Debtor continues to hold and control the 6150 Shenandoah property after the California Second Appellate District dismissed her fraudulent unlawful detainer action.  Please see, ***Martin-Bragg v. Moore,* 219 Cal. App. 4th 367; 161 Cal. Rptr. 3d 471; 2013 Cal. App. LEXIS 704.**

61.   In BC480013, **IVAN RENE MOORE VS KIMBERLY MARTIN-BRAGG**, for Intentional Tort of <u>Trespass to chattel</u> and <u>Conversion lawsuit</u>, the jury, on a special jury verdict, found that Defendant, Debtor Kimberly Martin-Bragg was/is in possession and control of Creditor's personal properties and that Kimberly Martin-Bragg, intentionally to permanently to deprived the Creditor /Plaintiff Ivan Rene Moore of use and enjoyment of his personal properties.

62. Consistent with the evidence provided at trial, the debtor holds and control the creditor Ivan Rene Moore's personal business and family properties referenced below:

**SSL Solid State Recording Console (K) Series valued over $450,000.00;Tape recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system**; rare and **vintage microphone collections valued over $350,000,00**; 100k of various software, $225k of touring equipment, cash of over 250k; Classic Guitars Fender and Gibson and fender; Kramer Music man Basses; most every keyboard and synthesizer; 6 Fender Rhodes keyboards; 3 Wurlitzer keyboard; Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq,**; all of my **clothes and jewelry, complete home furnishings, paintings; (9) Rolex men's watches (6) Rolex, Paiget, Hamilton female watches** that belong to my mother (now deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars, female (5) Carat pair shape diamond ring** that belonged to my now deceased mother; **family bearer bonds; family Pictures, family birth certificates, Silver wear, China, Crystal, legal documents, deed to properties in other states, complete set of California Practices Guides law book, legal court documents** for all of my cases past and present, **court transcripts, radio stations clients files, Los Angeles Philharmonic 150 page complete orchestration score** of the song **Somewhere Far Away** written by **Rene Moore and Joe Westmoreland** performed by **Rene Moore with Zubin Mehta conducting;** written music and string orchestrations of over 350 recorded songs, work tapes and documentation for over 750 songs, master recordings, unreleased films purchased by the judgment creditor, **(25) video** footage of artists sign to label and final masters, film footage, master recording and work tapes of **Michael Jackson, Janet Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal, Maxie Priest, Ivy Lies, Rene & Angela, Notorious Big, Jay-Z** certificate of deposits, 25 movie footage sound effect library, (2) motorcycles, racing car parts, (3) Mikes racing transmissions 3 power glide, (4 )Turbo 400 transmission , 600 cubic (5) Chevy racing engines, (5) set of big Chief big block racing heads,(6) continental racing converters, Hi-toque big block starters, (5) Pro tool systems HD and many others items missing.

63. Defendants, **KIMBERLY MARTIN- BRAGG**, along with Defendants, **GEORGE BARBOUR, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY**, and each of them knowingly and willfully made false or fraudulent misrepresentation in the debtor's bankruptcy filing when Defendants and each of them misrepresented material facts on FORM 106 of the United Bankruptcy Court.

64. Plaintiff/Creditor alleges that on information and belief and personal knowledge, Defendants, **GEORGE BARBOUR, PETER M. LIVELY** and **THE LAW OFFICES OF**

**PETER M LIVELY** purposely and maliciously concealed assets of the Debtor, Defendants,

**KIMBERLY MARTIN- BRAGG.**     Plaintiff/Creditor further alleges that Assets can be

committed by person other than bankrupt. United States v Joyner (1927, DC La) 23 F2d 884.

Further, Attorney for bankrupt was guilty of concealing real estate of bankrupt from trustee.

Ruby v United States (1932, CA6 Mich) 61 F2d 617, cert den (1933) 288 US 617, 77 L Ed 989,

53 S Ct 507.

65.  As a direct and proximate result of the misrepresentation and representations by

KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN,

aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE

BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M.

LIVELY, **PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY,** creditor,

Ivan Rene Moore sustained loss and damage and the sum to be determined at trial

## SECOND CAUSE OF ACTION.

**(NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C.
§ 523 (a)(2), (4), (6) and (11))**

**(Against all Defendants)**

66.     Plaintiff on information and belief and personal knowledge re-alleges and

incorporates by reference all preceding paragraphs as though fully set forth herein.

67.     On or about February 9th 2012 , the Debtor Kimberly Martin-Bragg trespassed upon

and converted the creditor Ivan Rene Moore's personal properties.

68.     After several demands for the return of the creditor's personal properties which the

debtor vehemently refused to return said personal properties, the creditor instituted a lawsuit

against the debtor in LASC BC480013.

---

ADVERSARY PROCEEDING COMPLAINT

69.  Consistent with evidence at the trial for trespass and conversion, the debtor was in possession and control of the creditor's personal properties referenced below:

**SSL Solid State Recording Console (K) Series valued over $450,000.00;Tape recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system, 9 sets of Westlake speakers, 2 sets George Augsburg speakers,7 sets of JBL speakers, JBL sub woofers, Tanony speakers, and parts**; rare and vintage microphone collections valued over $350,000,00; 100k of various software, $225k of touring equipment,; Classic Guitars Fender and Gibson and fender; Kramer Music man Basses; most every keyboard and synthesizer; 6 Fender Rhodes keyboards; 3 Wurlitzer keyboard; Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq,**; all of my **clothes and jewelry, complete home furnishings, paintings; all of Moore clothes, shoes, shirts, ties, boot, coats, long and short, suits, ect. (9) Rolex men's watches (6) Rolex, Paiget, Hamilton female watches** that belong to my mother (now deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars, female (5) Carat pair shape diamond ring** that belonged to my now deceased mother; **family bearer bonds; family Pictures, family birth certificates, Silver wear, China, Crystal, legal documents, deed to properties in other states, complete set of California Practices Guides law book, legal court documents** for all of my cases past and present, **court transcripts, radio stations clients files, Los Angeles Philharmonic 150 page complete orchestration score** of the song **Somewhere Far Away** written by **Rene Moore and Joe Westmoreland** performed by **Rene Moore with Zubin Mehta conducting;** written music and string orchestrations of over 200 recorded songs, work tapes and documentation for over 750 songs, master recordings, unreleased films purchased by the judgment creditor, **(25) video** footage of artists sign to label and final masters, film footage, master recording and work tapes of **Michael Jackson, Janet Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal, Maxie Priest, Ivy Lies, Plush, Jane Doe, Rene project, Rene & Angela, Notorious Big, Jay-Z Notorious Big, Jay-Z** certificate of deposits, 25 movie footage sound effect library, (2) motorcycles, racing car parts, (3) Mikes racing transmissions 3 power glide, (4 )Turbo 400 transmission , 600 cubic (5) Chevy racing engines, (5) set of big Chief big block racing heads,(6) continental racing converters, Hi- toque big block starters, (5) Pro tool systems HD and many others items missing. .

70.  On or about September 28, 2016, Defendants, **PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY** and Kimberly Martin-Bragg, and each of them knowingly and willfully failed to disclose the creditor's personal properties referenced above as the creditor's properties the debtor hold and control.

71.  Plaintiff/Creditor alleges on information and belief and personal knowledge that,

**GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES**

**OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M**

**LIVELY knew or should have known that, the** Defendant/Debtor, **KIMBERLY BARBOUR,**

**aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY**

**BRAGG**; unlawfully took dominium and control of the Plaintiff/ Creditor's personal properties,

by false pretenses, a false representation, or actual fraud in violation of  the 11 U.S.C.

523(a)(2)(A).

72.  After a two week jury trial, the jury found that the debtor was in possession of the

creditor's personal properties and additionally awarded the creditor 5.6 Million dollars in

damages against the debtor Kimberly Martin- Bragg for the trespass and conversion of creditor's

personal properties by the debtor Kimberly Martin- Bragg.

73.  Plaintiff/creditor attests that his personal properties which the debtor hold and control

are non dischargeable in the debtor bankruptcy filing.

74.  On or about September 03, 2013 and on November 08, 2013, Judge Michelle R.

Rosenblatt, Judge of the Superior Court of California, awarded judgment to Plaintiff Ivan Rene

Moore (creditor) against Defendant Kimberly Martin-Bragg, (Debtor) in the sum of three

million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon with cost.

75.  Plaintiff/creditor attests that final judgment order of ($3,150,000.00) by the California

Superior Court judge from the special jury verdict against the debtor in favor of the creditor for

the trespass to chattel and conversion is non-dischargeable under 11 U.S.C. **§ 523 (a)(2), (4), (6)**

**and (11)).**

76.    Plaintiff/Creditor alleges on information and belief and personal knowledge that , in spite of their knowledge about the Debtor's, false pretenses, a false representation, or actual fraud and Intentional Tort **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES OF PETER M LIVELY** encouraged the Debtor to file bankruptcy to deprive Plaintiff/ Creditor access to his personal properties.

77.    As a direct and proximate result of the Intentional Tort by **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG,** creditor, Ivan Rene Moore sustained loss and damage and the sum to be determined at trial.

78.    As a direct and proximate result of the Intentional Tort by **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG,** the judgment in the LASC case number: BC480013 is **NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. § 523 (a)(2), (4), (6) and (11)).**

### THIRD CAUSE OF ACTION.

### (CONVERSION)

### (Against all Defendants)

79.    Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.    At all times herein mentioned, Plaintiff/Creditor was, and still is, the owner of cash, personal properties, books, cash receipts, radio station equipments, records, computers,

intellectual properties, transmitters, mixers, Power amplifiers, microphones, compressors, and other tangible personal properties and 1969 Camaro Z-28.

81.    Plaintiff / Creditor alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants**, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY,** wrongfully took dominium and control over Plaintiff's cash, personal properties, books, cash receipts, radio station equipments, records, computers, intellectual properties, transmitters, mixers, Power amplifiers, microphones, compressors, and other tangible personal properties and 1969 Camaro Z-28 and failed to list these properties in the Debtor's Chapter 7 Bankruptcy as assets belonging to the Plaintiff/ creditor which the Debtor is holding.

82.    Plaintiff / Creditor further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants, **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY,** continue to wrongfully take dominium and control over Plaintiff's personal properties that were ordered returned by the LASC Judge Hon. Michelle Rosenblatt.

83.    Plaintiff/ creditor alleges on information and belief and personal knowledge that, Defendants act of wrongful dominion and control and willful interference with Plaintiff's properties have substantially interfered with Plaintiff's right of possession and enjoyment of his personal properties.

---

84.  Plaintiff orally and in writing demanded the immediate return of the above-mentioned properties but Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants, **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY**, has failed and refused, and continues to fail and refuse, to return the properties to plaintiff.

85.  The Defendants' acts a/leged above were willful, wanton, malicious, and oppressive, and were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

86.  As a proximate result of Defendants' conversion and the wrongful acts herein alleged, Plaintiff has been harmed and damaged in the sum of not less than $12,000,000.00.(twelve million dollars)  and such other amounts to be proven at trial.

## FOURTH CAUSE OF ACTION

### (EMBEZZLEMENT)

### (Against the Debtor)

87.  Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. The Creditor, Ivan Rene Moore entrusted the Debtor, Kimberly Barbour with the Creditor's money in excess of $500, 000.00.

89.  Plaintiff and creditor further alleges  on information and belief and personal knowledge that the Creditor entrusted the Debtor, Kimberly Barbour with the money in excess of $1,500,

000.00 belonging to his corporations, Rufftown Entertainment Group, and Rene Moore Music, Inc.

90.  Plaintiff alleges on information and belief and personal knowledge that the Debtor, Kimberly Barbour breached the trust bestow on her and breached her fiduciary duties when she converted the corporations' money and monies own by the Creditor to her own personal use.

91.  As a proximate result of Defendant/Debtor's embezzlement, the Creditor has been harmed in the amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (FRAUDULENT TRANSFER)

### (Against all Defendants)

92.  Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.  Plaintiff/Creditor is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture and enterprise.

94.  Plaintiff/Creditor alleges on information and belief and personal knowledge that, Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY and THE LAW OFFICES**

**OF PETER M LIVELY**, caused fraudulent conveyance of Plaintiff/Creditor's personal and business properties herein alleged in this adversary proceeding complaint, to GEORGE BARBOUR with the intent to prevent a Plaintiff/Creditor from reaching that interest to satisfy his debts to others.

95.   Plaintiff/Creditor further alleges on information and belief and personal knowledge that the fraudulent conveyance, and fraudulent transfer, was made in an attempt to avoid debt by transferring money to GEORGE BARBOUR and another person or company with reference to insolvent debtor, Kimberly Barbour.

96.   Plaintiff alleges on information and belief and personal knowledge that the transfers were made with the actual intent to hinder, delay or defraud Plaintiff, Ivan Rene Moore, creditor of the debtor in violation of California's Uniform Fraudulent Transfer Act ("UFTA"). Cal. Civ. Code § 3439.04; see Mejia v. Reed, 31 Cal.4th 657, 664 (2003).

97.   Plaintiff/Creditor further alleges that on information and belief and personal knowledge, Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY caused** fraudulent conveyance of Debtor's properties to GEORGE BARBOUR and other third parties with the intent to prevent a Plaintiff/Creditor from reaching that interest to satisfy his claim.

98.   Plaintiff alleges on information and belief and personal knowledge that the transfers were made an insider and that debtor retained possession or control of the properties of the Creditor after the transfer.

99. Plaintiff alleges on information and belief and personal knowledge that the transfer further alleges that the transfer or obligation was disclosed or concealed and that the debtor Kimberly Barbour was sued and threatened with more lawsuit before the transfer was made.

100. Plaintiff alleges on information and belief and personal knowledge that the transfer were substantially all of the debtor's assets.

101. Plaintiff/Creditor further alleges on information and belief and personal knowledge that the debtor absconded the assets in her zeal to avoid payment to the Creditor for the money owed by the Debtor.

102. As a proximate result of Defendant/Debtor's fraudulent transfer, the Creditor has been harmed in the amount to be determined at trial.

## SIXTH CAUSE OF ACTION.

### (REPLEVIN)

**(Against all Defendants)**

103. Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104. Plaintiff/Creditor, Ivan Rene Moore ("Mr. Moore") alleges that the Debtor, Kimberly Barbour unlawfully seized goods or personal properties belonging to Mr. Moore.

105. Plaintiff/Creditor, further alleges on information and belief and personal knowledge that, Defendant/Debtor, **KIMBERLY BARBOUR**, along with Defendants, **KEITH ROUSTER,** ("Agent and a well known representative of the Debtor"), **ROBERT PITTS,** (**"Agent and a well known representative of the Debtor"), ROBERT PITTS ESTATES,** (**"Agent and a well known representative of the Debtor"), PETER M. LIVELY, and THE**

**LAW OFFICES OF PETER M. LIVELY,** unlawfully conspired to kept from and seized goods

or personal properties belonging to Mr. Moore.

106.   Plaintiff/Creditor, further alleges on information and belief and personal knowledge

that, the above named Defendants were the agents, employees, servants and/or the joint-ventures

of the remaining Defendants, and each of them, and in doing the things alleged herein below,

were acting within the course and scope of such agency, employment and/or joint venture and

enterprise when they kept from and seized goods or personal properties belonging to Mr. Moore.

107.   Plaintiff/Creditor, further alleges on information and belief and personal knowledge

that, the above named Defendants were the agents, employees, servants and/or the joint-ventures

of the remaining Defendants, and each of them, and in doing the things alleged herein below,

were acting within the course and scope of such agency, employment and/or joint venture and

enterprise when they kept from and seized goods or personal properties belonging to Mr. Moore

listed below:

> **SSL Solid State Recording Console (K) Series valued over $450,000.00;Tape recorders; analog and Sony digital 3348 HR,** (7) **80 Channel Pro tools system, 9 sets of Westlake speakers, 2 sets George Augsburg speakers,**7 sets of JBL speakers, **JBL sub woofers, Tanony speakers, and parts**;  **rare and vintage microphone collections valued over $350,000,00**;  100k of various software, $225k of touring equipment,; Classic Guitars Fender and Gibson and fender;  Kramer Music man Basses; most every keyboard and synthesizer;  6 Fender Rhodes keyboards;  3 Wurlitzer keyboard; Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq.**; all of my **clothes and jewelry, complete home furnishings, paintings; all of Moore clothes, shoes, shirts, ties, boot, coats, long and short, suits, ect. (9) Rolex men's watches (6) Rolex, Piaget, Hamilton female watches** that belong to my mother (now deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars, female (5) Carat pair shape diamond ring** that belonged to my now deceased mother; **family bearer bonds**; **family Pictures, family birth certificates, Silver wear, China, Crystal,  legal documents, deed to properties in other states, complete set of California Practices Guides law book, legal court documents** for all of my cases past and present, **court transcripts, radio stations clients files, Los Angeles Philharmonic 150 page complete orchestration score** of the song **Somewhere Far Away** written by **Rene Moore and Joe Westmoreland** performed by **Rene Moore with Zubin Mehta conducting;** written music and string orchestrations of over 200 recorded songs, work

tapes and documentation for over 750 songs, master recordings, unreleased films purchased by the judgment creditor, **(25) video** footage of artists sign to label and final masters, film footage, master recording and work tapes of **Michael Jackson, Janet Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal, Maxie Priest, Ivy Lies, Plush, Jane Doe, Rene project, Rene & Angela, Notorious Big, Jay-Z  Notorious Big, Jay-Z** certificate of deposits, 25 movie footage sound effect library, (2) motorcycles, racing car parts, (3) Mikes racing transmissions 3 power glide, (4 )Turbo 400 transmission , 600 cubic (5) Chevy racing engines, (5) set of big Chief big block racing heads,(6) continental racing converters, Hi- toque big block starters, (5) Pro tool systems HD,  cash, books, cash receipts, radio station equipments, records, computers, intellectual properties, transmitters, mixers, Power amplifiers, microphones, compressors, and other tangible personal properties  and 1969 Camaro Z-28.

108.   Plaintiff/Creditor, has made demand for the return of these properties, however, Defendants and each of them has refused to return Plaintiff/Creditor's properties.

109.   Through this action, Plaintiff, sought recovery of the specific items of property in dispute rather than monetary damages.

110.   Plaintiff / Creditor alleges  on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;** together with and in concert with Defendants, **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES OF PETER M LIVELY,** wrongfully took dominium and control over Plaintiff's cash, personal properties, books, cash receipts, radio station equipments, records, computers, intellectual properties, transmitters, mixers, Power amplifiers, microphones, compressors, and other tangible personal properties  and 1969 Camaro Z-28 and failed to list these properties in the Debtor's Chapter 7 Bankruptcy as assets belonging to the Plaintiff/ creditor which the Debtor is holding.

111.   Plaintiff / Creditor further alleges that on information and belief and personal knowledge, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG,**

**aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with

Defendants, **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE**

**LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES**

**OF PETER M LIVELY,** continue to wrongfully take dominium and control over Plaintiff's

personal properties that were ordered returned by the LASC Judge Hon. Michelle Rosenblatt.

112.    Plaintiff/ creditor alleges that on information and belief and personal knowledge,

Defendants act of wrongful dominion and control and willful interference with Plaintiff's

properties have substantially interfered with Plaintiff's right of possession and enjoyment of his

personal properties.

113.    Plaintiff orally and in writing demanded the immediate return of the above-mentioned

properties but Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG,**

**aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with

Defendants, **GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE**

**LAW OFFICES OF PETER M. LIVELY, PETER M. LIVELY** and **THE LAW OFFICES**

**OF PETER M LIVELY**, has failed and refused, and continues to fail and refuse, to return the

properties to plaintiff.

114.    The Defendants' acts a/leged above were willful, wanton, malicious, and oppressive,

and were undertaken with the intent to defraud, and justify the awarding of exemplary and

punitive damages.

115.    As a proximate result of Defendants' conversion and the wrongful acts herein alleged,

Plaintiff has been harmed and damaged in the sum of not less than $12,000,000.00.(twelve

million  dollars)  and such other amounts to be proven at trial.

### SEVENTH CAUSE OF ACTION.

#### (FALSE LIGHT)

#### (Against all Defendants)

116.    Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

117.    Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants, **GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, ("Defendants") were agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and were acting within the course and scope of such agency, employment and/or joint venture and enterprise in violating  Plaintiff/Creditor's right to privacy.

118.    Plaintiff/Creditor alleges  on information and belief and personal knowledge that the above named Defendants publicized information or material that showed Plaintiff/Creditor in a false light.   Defendants published that Plaintiff was not the owner and founder of Rufftown Entertainment Group, INC, causing Plaintiff to loss economic relations with **AT&T, T-Mobile, Verizon, Home Depot, Cricket Mobile,**

119.    Plaintiff/Creditor alleges on information and belief and personal knowledge that the above named Defendants publicized information or material that showed Plaintiff/Creditor in a false light when Defendants published that Plaintiff/Creditor forged certain power of attorney when Defendants and each of them knew that statement to be false.

120.  Plaintiff/Creditor alleges  on information and belief and personal knowledge that the above named Defendants publicized information or material that showed Plaintiff/Creditor in a false light when Defendants published false information in Defendant, Kimberly Barbour's Chapter 7 that touch and concern the Plaintiff/Creditor certain power of attorney when Defendants and each of them knew that statement to be false.

121.  Plaintiff/Creditor alleges that on information and belief and personal knowledge, Defendants and each of them knew that, the false light created by the publication would be highly offensive to a reasonable person in Plaintiff/Creditor's position.

122.  Plaintiff/Creditor alleges that on information and belief and personal knowledge, there is clear and convincing evidence that **KIMBERLY BARBOUR, aka KIMBERLY MARTIN-BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, knew the publication would create a false impression about the Plaintiff/Creditor, Ivan Rene Moore, and acted with reckless disregard for the truth.

123.  Plaintiff/ Creditor further alleges that on information and belief and personal knowledge, above named Defendants, were negligent in determining the truth of the information or whether a false impression would be created by its publication.

124.  Plaintiff/Creditor alleges  on information and belief and personal knowledge that Defendants' false publication was made to the public at large.

125.  As a direct and proximate result of Defendants' false publications, Plaintiff was harmed in his person, property, business, profession, or occupation in the amount to be determine at trial.

126.  Plaintiff/Creditor alleges on information and belief and personal knowledge that, Defendants' conduct were a substantial factor in causing Plaintiff/Creditor harm.

## EIGHTH CAUSE OF ACTION

### (TORTUOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

### (Against all Defendants)

127.  Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

128.  Creditor/Plaintiff further alleges  on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, ("Defendants") were agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and were acting within the course and scope of such agency, employment and/or joint venture and enterprise in causing tortuous interference with prospective economic advantage Plaintiff had and would have had other third parties.

129.    Plaintiff/Creditor alleges on information and belief and personal knowledge that claims that the above named Defendants intentionally interfered with the contract between Plaintiff/Creditor and Adam Lambert, Wells Fargo Bank, NKE Global, and many others.

130.    Plaintiff alleges that, there was a contract between Plaintiff and En Vogue, Adam Lambert, Wells Fargo Bank, Vendors and other third parties.

131.    Plaintiff alleges on information and belief and personal knowledge that, Creditor/Plaintiff further alleges that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN-BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), KEITH ROUSTER (Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** knew of the contract.

132.    Plaintiff alleges on information and belief and personal knowledge that, Defendants, Creditor/Plaintiff further alleges that,
Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** intentionally disrupt the performance of this contract through fraud and willful and intentional misrepresentation.

133.    Plaintiff alleges on information and belief and personal knowledge that, Defendants, Creditor/Plaintiff further alleges that, Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY**

BRAGG; together with and in concert with Defendants, **GEORGE BARBOUR,**

**(Debtor's Spouse), KEITH ROUSTER ( Agent for the Debtor), KEITH ROUSTER;**

**ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW**

**OFFICES OF PETER M. LIVELY's** conduct prevented performance or made

performance more expensive or difficult.

134.    Plaintiff was harmed as a direct and proximate result of Defendants' Negligence

Interference with prospective Economic advantage.

135.   Defendants, Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN-**

**BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in**

**concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), KEITH**

**ROUSTER ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT**

**PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M.**

**LIVELY's** wrongful conduct was a substantial factor in causing Plaintiff's harm.


## NINTH CAUSE OF ACTION

(COMMON LAW FRAUD)

(Against all Defendants)

136.    Plaintiff on information and belief and personal knowledge re-alleges and

incorporates by reference all preceding paragraphs as though fully set forth herein.

137.   Plaintiff/Creditor, Ivan Rene Moore ("Mr. Moore") alleges that the Debtor, Kimberly

Barbour unlawfully seized goods or personal properties belonging to Mr. Moore.

138.   Plaintiff/Creditor, further alleges  on information and belief and personal knowledge

that, Defendant/Debtor, **KIMBERLY BARBOUR, along with Defendants, KEITH**

ROUSTER, ("Agent and a well known representative of the Debtor"), **ROBERT PITTS**,

("Agent and a well known representative of the Debtor"), **ROBERT PITTS ESTATES**,

("Agent and a well known representative of the Debtor"), **PETER M. LIVELY, and THE**

**LAW OFFICES OF PETER M. LIVELY**, unlawfully conspired to kept from and seized goods

or personal properties belonging to Mr. Moore.

139. Plaintiff/Creditor alleges on information and belief and personal knowledge that,

**KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY**

**MARTIN, aka KIMBERLY BRAGG; ("Debtor"), GEORGE BARBOUR, (Debtor's**

**Spouse), KEITH ROUSTER,** ("Agent and a well known representative of the Debtor"),

**ROBERT PITTS**, ("Agent and a well known representative of the Debtor"), **ROBERT PITTS**

**ESTATES**, ("Agent and a well known representative of the Debtor"), **PETER M. LIVELY**,

and **THE LAW OFFICES OF PETER M. LIVEL**, misrepresented that Kimberly Martin-

Bragg, own Plaintiff's personal properties listed below :

**SSL Solid State Recording Console (K) Series valued over $250,000.00;Tape**

**recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system, 9 sets of**

**Westlake speakers, 2 sets George Augsburg speakers,7 sets of JBL speakers, JBL**

**sub woofers, Tanony speakers, and parts**; rare and vintage microphone collections

**valued over $350,000,00**; 100k of various software, $225k of touring equipment,;

Classic Guitars Fender and Gibson and fender; Kramer Music man Basses; most every

keyboard and synthesizer; 6 Fender Rhodes keyboards; 3 Wurlitzer keyboard;

Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq**,; all

of my **clothes and jewelry, complete home furnishings, paintings; all of Moore**

**clothes, shoes, shirts, ties, boot, coats, long and short, suits, ect. (9) Rolex men's**

**watches (6) Rolex, Piaget, Hamilton female watches** that belong to my mother (now

deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars**,

---

**female (5) Carat pair shape diamond ring** that belonged to my now deceased mother;
**family bearer bonds; family Pictures, family birth certificates, Silver wear, China,
Crystal, legal documents, deed to properties in other states, complete set of
California Practices Guides law book, legal court documents** for all of my cases past
and present, **court transcripts, radio stations clients files, Los Angeles Philharmonic
150 page complete orchestration score** of the song **Somewhere Far Away** written by
**Rene Moore and Joe Westmoreland** performed by **Rene Moore with Zubin Mehta
conducting;** written music and string orchestrations of over 200 recorded songs, work
tapes and documentation for over 750 songs, master recordings, unreleased films
purchased by the judgment creditor, **(25) video** footage of artists sign to label and final
masters, film footage, master recording and work tapes of **Michael Jackson, Janet
Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal,
Maxie Priest, Ivy Lies, Plush, Jane Doe, Rene project, Rene & Angela, Notorious
Big, Jay-Z** and many others items missing

140.    Plaintiff/Creditor alleges on information and belief and personal knowledge that
Defendants and each of them knew the statements and representations were false and
deliberately disregarded its falsity. Plaintiff/Creditor alleges that, Defendants made theses
misrepresentations in the quest converting Plaintiff's personal properties and deprive Plaintiff of
possession and pecuniary interest in his properties.

141.    As a direct and proximate results of Defendants' intentional misrepresentation,
Plaintiff has been harmed in the amount to be determined at trial.

//

//

//

---

## TENTH CAUSE OF ACTION

### (DEFAMATION)

(Against all Defendants)

142.   Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

143.   Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY**, and THE LAW OFFICES OF PETER M. LIVELY, ("Defendants") were agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and were acting within the course and scope of such agency, employment and/or joint venture and enterprise in publishing false and defamatory information of and concerning the Plaintiff/Creditor.

144 On information and belief and personal knowledge, Creditor/Plaintiff , thereon alleges that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** made and publish false and defamatory statement(s) of and concerning the Plaintiff/Creditor to a persons and entities other than Plaintiff/Creditor.

145.   On information and belief and personal knowledge, Creditor/Plaintiff, thereon alleges that the above named Defendants and each of them made false publications to AT&T En Vogue, Vendors, and Plaintiff/Creditor's business associates that the Plaintiff/Creditor is a master forger of documents, that he also forged a power of attorney, and other instruments.

146.   On information and belief and personal knowledge, Creditor/Plaintiff, further alleges that the above named Defendants and each of them disparage Plaintiff/Creditor in his profession when they misrepresented to AT&T En Vogue, Vendors, and Plaintiff/Creditor's business associates that the Plaintiff/Creditor is not a trustworthy businessman and that Plaintiff/Creditors has defrauded others in the course doing business.  Plaintiff alleges on information and belief and personal knowledge that Defendants and each of made the aforementioned statement when they knew that their statement were false.

Plaintiff/Creditor alleges  on information and belief and personal knowledge that, Defendants' did not have any privilege when the false and defamatory publications were made.

147.    On information and belief and personal knowledge, Creditor/Plaintiff, thereon alleges the above named Defendants and each of them knew that the third parties were false when made yet, Defendants and each of disregarded the falsity of their statements.

148.   Plaintiff alleges on information and belief and personal knowledge that AT&T En Vogue, Vendors, and Plaintiff/Creditor's business associates reasonably understood that the statement were about the Plaintiff/Creditor Ivan Rene Moore.

149.  Plaintiff alleges on information and belief and personal knowledge that AT&T En Vogue, Vendors, and Plaintiff/Creditor's business associates reasonably understood reasonably understood the statement(s) to mean that crime of forgery has been committed and that Plaintiff/Creditor had committed such a crime.

150.  Creditor/Plaintiff further alleges  on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster (Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY** failed to use reasonable care to determine the truth or falsity of the statements.

151.  Plaintiff/Creditor alleges  on information and belief and personal knowledge that, as direct and proximate results of Defendants, false and defamatory publications, Plaintiff/Creditor has been harmed in his business, trade, profession, and occupation.

152.  Plaintiff/Creditor alleges on information and belief and personal knowledge that, as direct and proximate results of Defendants, false and defamatory publications, Plaintiff/Creditor has been harmed in his reputation, and has been subjected to shame, mortification, and hurt feelings.

153.  Plaintiff/Creditor is entitled to punitive damages because Defendants' false and defamatory publication were done with malice, oppression, or fraud.

//

//

//

//

////

//

//

---

## ELEVENTH CAUSE OF ACTION.

### (CONSTRUCTIVE TRUST)

### (Against all Defendants)

154.    Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

155.    The imposition of a constructive trust requires: (1) the existence of res (property or some interest in property); (2) the right of the complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." *See Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1069 (1998).

156.    Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, are the holder of a property interest which they retain due to unjust, unconscionable, or unlawful means in their zeal to prevent Plaintiff/Creditor of access thereof.

157.    Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, ("Defendants") were agents,

employees, servants and/or the joint-ventures of the remaining Defendants, and each of them,

and were acting within the course and scope of such agency, employment and/or joint venture

and enterprise when they engaged in the wrongful acquisition or detention of Plaintiff/Creditors

personal and business properties delineated below:

**SSL Solid State Recording Console (K) Series valued over $250,000.00**;Tape

**recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system, 9 sets of**

**Westlake speakers, 2 sets George Augsburg speakers,7 sets of JBL speakers, JBL**

**sub woofers, Tanony speakers, and parts**; rare and vintage microphone collections

**valued over $350,000,00**; 100k of various software, $225k of touring equipment,;

Classic Guitars Fender and Gibson and fender; Kramer Music man Basses; most every

keyboard and synthesizer; 6 Fender Rhodes keyboards; 3 Wurlitzer keyboard;

Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq.**; all

of my **clothes and jewelry, complete home furnishings, paintings; all of Moore**

**clothes, shoes, shirts, ties, boot, coats, long and short, suits, ect. (9) Rolex men's**

**watches (6) Rolex, Piaget, Hamilton female watches** that belong to my mother (now

deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars,**

**female (5) Carat pair shape diamond ring** that belonged to my now deceased mother;

**family bearer bonds**; **family Pictures, family birth certificates, Silver wear, China,**

**Crystal, legal documents, deed to properties in other states, complete set of**

**California Practices Guides law book, legal court documents** for all of my cases past

and present, **court transcripts, radio stations clients files, Los Angeles Philharmonic**

**150 page complete orchestration score** of the song **Somewhere Far Away** written by

**Rene Moore and Joe Westmoreland** performed by **Rene Moore with Zubin Mehta**

**conducting**; written music and string orchestrations of over 200 recorded songs, work

tapes and documentation for over 750 songs, master recordings, unreleased films

purchased by the judgment creditor, **(25) video** footage of artists sign to label and final

masters, film footage, master recording and work tapes of **Michael Jackson, Janet**

**Jackson**, **Madonna**, **En Vogue**, **Rickey Martin**, **Isley Brothers**, **Shaquille O'Neal**,

**Maxie Priest**, **Ivy Lies**, **Plush**, **Jane Doe**, **Rene project**, **Rene & Angela**, **Notorious**

**Big**, **Jay-Z** and many others items missing

158.  Creditor/Plaintiff further alleges on information and belief and personal knowledge

that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,**

**KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with**

**Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the**

**Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M.**

**LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, and each of them is not

entitled to Plaintiff/Creditor's properties outlined above.

159.  Creditor/Plaintiff further alleges on information and belief and personal knowledge

that, Defendant, no interest in Plaintiffs' properties that are described above.

160.    Creditor/Plaintiff has exclusive and undivided rights to his properties described

above.

161.    Creditor/Plaintiff further contends that Defendants and each of them has cause the

wrongful acquisition and wrongful detention of his properties described [supra].

162.    Creditor/Plaintiff alleges  on information and belief and personal knowledge that,

Defendants, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka,**

**KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with**

**Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the**

**Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M.**

**LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, and each of them had been

unjustly enriched, and a constructive trust should be imposed in that Defendants and each of

---

ADVERSARY PROCEEDING COMPLAINT

1  them have benefited from Plaintiff's music composition and Masters, including the all the

2  properties [supra]and unjust retention of the benefit at the expense of Plaintiff Rene Moore.

3      163.    As a proximate result of the defendants fraudulent misrepresentations and

4  otherwise wrongful conduct as alleged herein, Plaintiff will continue to suffer irreparable

5  damages to the musical compositions and Masters and the remaining of the properties articulated

6
7  [supra].

8      164.    By reason of the fraudulent and otherwise wrongful manner in which the

9  defendants or any of them, obtained their alleged right, claim or interest in and to the property,

10 defendants and each of them, have no legal or equitable right, claim or interest therein, but,

11 instead, Defendants and each of them are involuntary trustees holding said property and profits

12
13 therefrom in constructive trust for Plaintiff Rene Moore with the duty to convey the same to

14 Plaintiff forthwith.

15

16     165.    As a direct and proximate result of Defendants' wrongful acquisition and

17 detention of Plaintiff/Creditor's properties, Plaintiff/Creditor has been substantially harmed in

18
19 the sum to be determined at trial.

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28

---

## TWELFTH CAUSE OF ACTION.

(NEGLIGENT MISREPRESENTATION)

**(Against all Defendants)**

166.   Plaintiff on information and belief and personal knowledge re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

167.   Creditor/Plaintiff further alleges on information and belief and personal knowledge that, Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, ("Defendants") were agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and were acting within the course and scope of such agency, employment and/or joint venture and enterprise in constructive fraud.

168.   Plaintiff/Creditor alleges on information and belief and personal knowledge that has been harmed because **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY**, negligently misrepresented an important fact concerning Plaintiff/Creditor's personal properties and business properties in their zeal to deprive Plaintiff/Creditor all beneficial interests in his properties.

169.  On or about September 28th , 2016, Debtor/ Defendant, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY,** made false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently made false oath and negligent misrepresentation in <u>Form 106</u> and other related Forms of the United States Bankruptcy in their zeal to deprive the Creditor of all beneficial interests and enjoyment in his real property and in the Creditor's personal properties.

170.  Plaintiff/ Creditor  further alleges  on information and belief and personal knowledge that, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, represented to Plaintiff/Creditor that , KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG** made false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently and Negligently claimed that the Debtor, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**, has interests in Rene Moore Music, Inc; Rufftown Entertainment Group, Inc and Radio Multimedia, Inc.

171.  Plaintiff/ Creditor alleges  on information and belief and personal knowledge that, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,**

**GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, represented to Plaintiff/Creditor that , KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG** made false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently and Negligently claimed that the Debtor, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**, provided Loans and advances to the Creditor, Ivan Rene Moore, Rene Moore Music, Rufftown Entertainment Group, Inc and G&S Electronics in the amount of $2,42,000.00.

172.    Plaintiff/ Creditor  further alleges  on information and belief and personal knowledge that, **KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG**; together with and in concert with Defendants, **GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M. LIVELY, represented to Plaintiff/Creditor that , KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG** made false or fraudulent representation, in violation of 18 U.S.C. § 157 when they knowingly and fraudulently and Negligently claimed that the Debtor, KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG, own or has interests in Plaintiff's personal properties listed below:

**SSL Solid State Recording Console (K) Series valued over $450,000.00;Tape recorders; analog and Sony digital 3348 HR, 80 Channel Pro tools system;  rare and**

vintage microphone collections valued over **$350,000,00**;  100k of various software, $225k of touring equipment, cash of  over 250k; Classic Guitars Fender and Gibson and fender;  Kramer Music man Basses; most every keyboard and synthesizer;  6 Fender Rhodes keyboards;  3 Wurlitzer keyboard;  Hammond b-3 organ 2 Leslie speakers, **35mm film cameras w lenses; (16) Neve Eq**,; all of my **clothes and jewelry, complete home furnishings, paintings;  (9) Rolex men's watches (6) Rolex, Piaget, Hamilton female watches** that belong to my mother (now deceased), my deceased mother and father's jewelry, **loose diamonds, (18) Gold Bars, female (5) Carat pair shape diamond ring** that belonged to my now deceased mother; **family bearer bonds**; family **Pictures**, family birth certificates, **Silver wear, China, Crystal,  legal documents, deed to properties in other states, complete set of California Practices Guides law book, legal court documents** for all of my cases past and present, **court transcripts, radio stations clients files, Los Angeles Philharmonic 150 page complete orchestration score** of the song **Somewhere Far Away** written by **Rene Moore and Joe Westmoreland** performed by **Rene Moore with Zubin Mehta conducting;** written music and string orchestrations of over 350 recorded songs, work tapes and documentation for over 750 songs, master recordings, unreleased films purchased by the judgment creditor, **(25) video** footage  of artists sign to label and final masters, film footage, master recording and work tapes of **Michael Jackson**, **Janet Jackson, Madonna, En Vogue, Rickey Martin, Isley Brothers, Shaquille O'Neal, Maxie Priest, Ivy Lies, Rene & Angela, Notorious Big, Jay-Z** certificate of deposits, 25 movie footage sound effect library, (2) motorcycles, racing car parts, (3) Mikes racing transmissions 3 power glide,  (4 )Turbo 400 transmission , 600 cubic (5) Chevy racing engines, (5) set of big Chief big block racing heads,(6) continental racing converters, Hi-toque big block starters, (5) Pro tool systems HD  and many others items missing.

173.    Plaintiff alleges on information and belief and personal knowledge that,

**KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY**

**MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,**

**GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH**

**ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and**

**THE LAW OFFICES OF PETER M. LIVELY's** representation were not true.

174.    Plaintiff alleges on information and belief and personal knowledge that,

**KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY**

**MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,**

**GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH**

**ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and**

**THE LAW OFFICES OF PETER M. LIVELY** had no reasonable grounds for believing the

representation was true when made it.

175.    Plaintiff alleges on information and belief and personal knowledge that,

**KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY**

**MARTIN, aka KIMBERLY BRAGG; together with and in concert with Defendants,**

**GEORGE BARBOUR, (Debtor's Spouse), Keith Rouster ( Agent for the Debtor), KEITH**

**ROUSTER; ROBERT PITTS; ROBERT PITTS ESTATES; PETER M. LIVELY, and**

**THE LAW OFFICES OF PETER M. LIVELY**, intended that Plaintiff/Creditor  rely on this

representation.

176.    Plaintiff/Creditor reasonably relied on **KIMBERLY BARBOUR, aka**

**KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;**

**together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),**

**Keith Rouster ( Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT**

**PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M.**

**LIVELY's** representation.

177.  Plaintiff/Creditor was harmed Defendants' misrepresentation and continues to be

harmed by Defendants misrepresentations.

178.  Plaintiff/Creditor's reliance on Defendants, **KIMBERLY BARBOUR, aka**

**KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG;**

**together with and in concert with Defendants, GEORGE BARBOUR, (Debtor's Spouse),**

**Keith Rouster (Agent for the Debtor), KEITH ROUSTER; ROBERT PITTS; ROBERT**

**PITTS ESTATES; PETER M. LIVELY, and THE LAW OFFICES OF PETER M.**

**LIVELY's** representation was a substantial factor in causing Plaintiff's harm.

## DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff /Creditor request for Jury Trial on all causes of action.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff, ask for the following for each Cause of Action to be awarded:

(i)  For Compensatory Damages in an amount  of $72,000,000.00 or to be determined by proof at trial;

(ii)  For Special Damages in an amount of  $96,000,000.00 or to be determined by proof at trial;

(iii)  For General Damages in an amount of  $85,000,000.00 or to be determined by proof at trial;

(iv) For Punitive Damages $95,000,000.00 or amount as allowed by law;

(v)  For Restitution of $150,000,000.00 or as allowed by law;

(vi) For Attorney's Fees and Costs of this action;

Dated: December 7th  2016

_____
Ivan Rene Moore., Pro Se.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADVERSARY PROCEEDING COMPLAINT